NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1628
_____

UNITED STATES OF AMERICA

v.

JOSEPH WITKOWSKI,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 1-12-cr-00522-001)
Honorable Joseph H. Rodriguez, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 26, 2017

BEFORE: GREENAWAY, JR., COWEN, Circuit Judges,
and PADOVA, District Judge**

(Filed: December 7, 2017)
_____

OPINION*
_____

_____

**The Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Joseph Witkowski appeals from the criminal sentence entered by the United States District Court for the District of New Jersey. We will affirm.

I.

"Over the course of two years in the mid-2000s, [Witkowski] and his co-conspirators engaged in a mortgage fraud scheme which resulted in over $40 million in losses to various financial institutions." (Appellant's Brief at 3 (citing Presentence Investigation Report ("PSR") at 17).) Witkowski was indicted on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and a single count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). He pled guilty to both counts.

The parties did not contest the applicable Guidelines sentencing range of 135 to 168 months. Varying downward, the District Court sentenced Witkowski to 48 months of imprisonment (as well as three years of supervised release).

II.

According to Witkowski, the District Court committed plain error by failing to resolve a factual dispute regarding his relative culpability as compared to his co-conspirator Charles Harvath.[1] Harvath (who also pled guilty) had a Guidelines

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Witkowski agrees that he failed to object to the District Court's alleged procedural errors at sentencing and that he thereby must satisfy the plain error standard of review. See, e.g., United States v. Flores-Mejia, 759 F.3d 253, 255-59 (3d Cir. 2014) (en banc)

sentencing range of 168 to 235 months, received a downward departure for substantial assistance under U.S.S.G. § 5K1.1, and was sentenced to 37 months' imprisonment. By purportedly relying on "relative culpability as a basis for setting Witkowski's sentence slightly higher than [Harvath's] without first resolving factual disputes regarding the relative culpability of the two men," the District Court's "procedural error violated both the letter and spirit of Fed. R. Crim. P. 32(i) and U.S.S.G. § 6A1.3."[2] (Appellant's Brief at 19.)

The District Court did not commit procedural error, plain or otherwise, with respect to its assessment of relative culpability. Witkowski specifically contends that it failed to discuss Harvath's central role in preparing the mortgage applications and HUD-1 forms, obtaining credit scores, securing the mortgages, and distributing the proceeds. "Nor did the [District Court] acknowledge that Harvath *personally* derived more than $1 million in proceeds from the scheme, more than anyone else in the scheme and significantly more than Witkowski." (Id. at 17.) However, it was undisputed that

---

(applying plain error standard to alleged procedural error in sentencing and explaining that "error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity, or public reputation of judicial proceedings'" (quoting United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006))). We review the substantive reasonableness of the sentence for abuse of discretion. See, e.g., United States v. Handerhan, 739 F.3d 114, 124 (3d Cir. 2014).

[2] The parties disagree as to whether Federal Rule of Criminal Procedure 32(i)(3)(B) applies to sentencing disagreements beyond the PSR. The United States Court of Appeals for the Ninth Circuit has held, based upon its analysis of the Advisory Committee's notes to the 2002 amendment of Rule 32, meeting minutes, and agenda books, that the rule's scope is limited to objections to the PSR. United States v. Petri, 731 F.3d 833, 837-41 (9th Cir. 2013). We, however, need not resolve whether we agree with our sister court as to the scope of Rule 32 in the case before us, because, as explained in greater detail, Witkowski cannot meet the plain error standard even if Rule 32 applies to other sentencing disputes.

Harvath handled the paperwork (according to the Assistant United States Attorney, this was because Harvath "had the technical expertise to do that" and Witkowski "wanted [his name kept off the paperwork] because there were tax liens" (A199)). According to his appellate brief, "Witkowski clearly played an essential role in the conspiracy by making the sales pitches to the straw purchasers, recruiting co-conspirators to provide false employment verification, and directing other co-conspirators to obtain false employment verification documents." (Appellant's Brief at 15 (citing A142-A143, A144, A167-A168).) Noting that these two individuals conceived and orchestrated the criminal scheme, the District Court appropriately determined that, "[s]o when we consider the relative culpability, the defendant here is at the very top of the most culpable group, between him and Mr. Harvath." (A208.) In turn, it properly justified the lengthier sentence for Witkowski (a sentence that Witkowski admits was only "slightly higher" than the sentence received by Harvath) on the grounds that Witkowski, unlike Harvath, had a prior criminal record and engaged in additional misconduct by taking money from an acquaintance under false pretenses after he began cooperating with the government (which led the government to decline to enter a cooperating plea agreement with Witkowski).

Witkowski also argues that the District Court committed a procedural error in failing to consider his arguments for mitigation. However, we agree with the government that the District Court considered and relied on Witkowski's arguments for mitigation. According to Witkowski, the District Court failed to acknowledge and address the fact that his cooperation efforts took place over a five-year period during which he was

4

subject to pretrial supervision as well as his ailing health and advanced age (e.g., Witkowski turned 71 years old shortly after his sentencing, has an inherited progressive connective tissue disorder called Dupuytren's contracture, has experienced atrial fibrillation, and has significant dental problems). See, e.g., United States v. Ausburn, 502 F.3d 313, 329 (3d Cir. 2007) (stating that sentencing court must acknowledge and respond to any properly presented sentencing argument with colorable legal merit and factual basis). However, the District Court explained that it had considered the parties' submissions and that "I did take an oath in my function as a judge to make sure that we can consider all of the facts that are placed before us, try to distill those facts and then balance those facts with what I believe to be a just result." (A202.) It considered the circumstances of this case in the light of the sentencing factors set forth by 18 U.S.C. § 3553(a). See, e.g., United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010) ("[T]he district court must furnish an explanation 'sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of §3553(a).'" (quoting United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008))). In the process, the District Court "acknowledged Witkowski's cooperation efforts in fashioning its sentence." (Appellant's Brief at 22.) In the end, Witkowski actually received a substantial downward variance, with the District Court imposing a term of imprisonment 87 months below the bottom of his Guidelines sentencing range.

Finally, this below-Guidelines sentence of 48 months' imprisonment was not substantively unreasonable. While Witkowski claims that his sentence was unreasonable because of procedural errors, we have determined that the District Court did not

5

procedurally err.  "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).  Witkowski does not meet this rigorous standard.

## III.

For the foregoing reasons, we will affirm the sentence entered by the District Court.

6